ORIGINAL

1   **DAVID R. OWENS**, State Bar No. 180829
    dowens@owenstarabichi.com
2   **BRUNO W. TARABICHI**, State Bar No. 215129
    btarabichi@owenstarabichi.com
3   **OWENS TARABICHI LLP**
    111 N. Market St., Suite 730
4   San Jose, California 95113
    Telephone: 408.298.8200
5   Facsimile:  408.521.2203

FILED

2010 OCT 26  P 3: 00

ADR

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CAL. SAN JOSE

6   Attorneys for Plaintiff
    Clip Ventures LLC
7

8                           UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

"BY FAX"

11                                          C V 1 0 -  4 8 4 9  JCS

12  CLIP VENTURES LLC, a California
    limited liability company,                **PLAINTIFF CLIP VENTURES LLC'S**
13                                            **COMPLAINT FOR FALSE MARKING**
                    Plaintiff,
14
                    vs.
15
    SUNCAST CORPORATION, an Illinois
16  corporation,
17                  Defendant.
18

19      Plaintiff Clip Ventures LLC ("Clip Ventures"), by its attorneys, Owens Tarabichi LLP, for

20  its Complaint in this action alleges:

21                                    **PARTIES**

22      1.      Clip Ventures is a California limited liability company having its principal place of

23  business at 171 Main Street #139, Los Altos, California 94022.

24      2.      Suncast Corporation ("Suncast") is an Illinois corporation having its place of

25  business at 701 N. Kirk Road, Batavia, Illinois 60510.

26                            **JURISDICTION AND VENUE**

27      3.      This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331,

28  1338(a), as this action involves substantial claims arising under the U.S. Patent Act of 1952, as

owens tarabichi llp
Counselors At Law                                            CLIP VENTURES' COMPLAINT

1    amended, 35 U.S.C. §§ 1 *et seq.*

2    4.    This Court also has subject matter jurisdiction of this action under 28 U.S.C.

3    § 1332 because the amount in controversy exceeds the sum or value of $75,000, and there is

4    complete diversity of citizenship between the parties.

5    5.    Suncast is subject to personal jurisdiction in this district because it conducts

6    regular and systematic business in California, and the causes of action contained herein arise out

7    of, or result from, Suncast's purposeful availment of the privilege of conducting activities with or

8    within the State of California.

9    6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c)

10   because Suncast is subject to personal jurisdiction in this district, Suncast resides in this district,

11   and a substantial part of the events or omissions giving rise to the claim(s) occurred in this

12   district.

13                              **INTRADISTRICT ASSIGNMENT**

14   7.    Pursuant to N.D. Civil Local Rule 3-2(c), this is an intellectual property action

15   subject to district-wide assignment.

16                              **FACTS RELEVANT TO ALL CLAIMS**

17   8.    The Patent Act of 1952 prohibits falsely marking an article with a patent number if

18   that article is unpatented. This includes marking an article with an expired patent even if the

19   article is also marked with unexpired patents. Pursuant to 35 U.S.C. § 292, a person or entity who

20   falsely marks shall be fined up to $500 on a per article basis.

21   9.    The Patent Act also provides a *qui tam* cause of action for false marking. In

22   bringing a *qui tam* cause of action for false marking, the plaintiff pays 50% of the fine to the U.S.

23   Government and is permitted to retain the remaining 50% of the fine.

24   10.   Accordingly, as a matter of public policy, the federal government has incentivized

25   the consuming public, competitors, and others to identify falsely marked articles and bring a *qui*

26   *tam* action. This is because falsely marking articles injures the public in several ways, including,

27   but not limited to, (i) deterring innovation and stifling competition in the marketplace; (ii)

28   encouraging unnecessary investment in design around efforts; and (iii) inflating consumer

owens tarabichi llp
Counselors At Law

2                        CLIP VENTURES' COMPLAINT

1    demand for an article that the public believes is unique and without competition.

2                             Suncast's False Marking

3         11.      Suncast makes and sells a variety of lawn and garden products, including different

4    types of hose reels and wraps to conceal, manage, and organize garden hoses.

5         12.      One of the hose reels made and sold by Suncast is the TSA100 Hosehandler. On

6    its packaging for the TSA100 Hosehandler, Suncast states that the TSA100 Hosehandler hose reel

7    is protected by U.S. Patent Nos. 3,657,789; 5,425,391; 5,704,384; and 5,797,424. Of these

8    patents, U.S. Patent No. 3,657,789 is expired.

9         13.      Suncast also sells a 225 ft. Hosemobile hose reel cart. On its packaging for the

10    Hosemobile, Suncast states that the Hosemobile hose reel cart is protected by U.S. Patent Nos.

11    4,777,976; 4,913,560; Des. 303,446; Des. 327,637; Des. 363,207; and Des. 376,096. Of these

12    patents, all of them have expired except for Des. 376,096.

13         14.      On information and belief, Suncast has also marked one or more of its other hose

14    reels or hose reel carts with expired patent numbers.

15         15.      Suncast continues to sell its falsely marked TSA100 Hosehandler hose reel, 225 ft.

16    Hosemobile hose reel cart, and other hose reel products to this day in California and, on

17    information and belief, throughout the United States.

18                             Suncast's Intent to Deceive

19         16.      On information and belief, Suncast knew that the expired patents listed on its

20    TSA100 Hosehandler hose reel, 225 ft. Hosemobile hose reel cart, and other hose reel products

21    were expired and knowingly falsely marked its hose reel products with an intent to deceive the

22    public and an intent to induce the public to believe that each hose reel product was covered by the

23    expired patents listed on each hose reel product. The bases of Clip Ventures' allegations made in

24    this paragraph on information and belief are set forth in Paragraphs 17-22 below.

25         17.      Suncast is a sophisticated company with many decades of experience in applying

26    for and obtaining patents. In this regard, a search of the U.S. Patent and Trademark Office's

27    records for patents listing Suncast Corporation as the assignee returns 279 patents. The earliest of

28    those patents is U.S. Patent No. 4,506,698, which was applied for on July 7, 1983. Since then,

owens tarabichi llp
Counselors At Law

                                3                    CLIP VENTURES' COMPLAINT

1  Suncast has continually filed hundreds of applications. Furthermore, Suncast has hired and

2  retained competent attorneys, including specially licensed patent counsel, to assist it with the

3  prosecution of such patent applications. It is almost certain that Suncast's patent counsel has

4  advised it on more than one occasion that patents have a finite life and expire.

5  18.  In addition, as the assignee for over 200 patents, Suncast has almost certainly paid

6  maintenance fees for one or more of such patents, which become due at 3.5, 7.5, and 11.5 years

7  after issuance, to keep a patent enforceable and to avoid its expiration. It is also likely that, over

8  the last 27 years, Suncast has chosen to allow one or more of its patents to expire by not paying

9  the maintenance fees. As such, Suncast had actual or constructive awareness that patents expire.

10  19.  In addition to its experience in applying for and obtaining patents, Suncast also has

11  decades of experience in litigating patent cases. Since 1996, Suncast has been party to nine

12  different patent lawsuits, including at least the following cases: *Suncast v. Handler*, Case No.

13  1:1996-cv-01643; *Suncast v Avon Plastics*, Case No. 1:1997-cv-00178; *Bobeczko v. Suncast*,

14  Case No. 1:1997-cv-00436; *Ames v. Suncast*, Case No. 1:2002-cv-00395; *Suncast v. Ames*, Case

15  No. 1:2006-cv-02578; *Suncast v. Slide-Lok Modular Storage Systems*, Case No. 1:2006-cv-

16  05339; *Suncast v. Patrician Products*, Case No. 9:2007-cv-80414; *Suncast v. Starplast*, Case No.

17  9:2007-cv-81076; and *Suncast v. The Pug Company*, Case No. 1:10-cv-02026. As a seasoned

18  veteran of patent litigation, Suncast is surely aware that the life of a patent is finite, that expired

19  patents may not asserted as a basis for infringement, and that it may not falsely claim that a

20  product is covered by an expired patent by marking such product with the expired patent.

21  20.  Furthermore, Suncast clearly understands the value of patents and patent marking.

22  In *Suncast Corporation v. StarPlast USA, LLC*, Suncast filed a complaint for patent infringement,

23  and paragraph 16 of the complaint alleged that Suncast had "provided public notice that their

24  competing products are covered by the '859 patent by properly marking their products, in

25  accordance with the provisions of 35 U.S.C. § 287." In *Suncast Corporation v. Patrician*

26  *Products, Inc.*, Suncast filed a complaint for patent infringement, and paragraph 16 of that

27  complaint contained a similar allegation regarding patent marking. Suncast's allegations in

28  federal patent litigations regarding patent marking underscore that Suncast is familiar with

owens tarabichi llp
Counselors At Law

4      CLIP VENTURES' COMPLAINT

1    requirements, benefits, and import of patent marking. By continuing to knowingly mark its

2    products with expired patents, Suncast deceives and deters potential competitors in the hose reel

3    market.

4        21.    Suncast's intent to deceive is evidenced by the fact that Suncast has updated its

5    packaging for its hose reel products after the expiration of patents, thereby having an opportunity

6    to remove the marking regarding expired patents. For example, Suncast marks its TSA100

7    Hosehandler hose reel with U.S. Patent No. 3,657,789, which expired on April 25, 1987.

8    However, Suncast also marks its TSA100 Hosehandler with patents that issued after U.S. Patent

9    No. 3,657,789 expired, such as U.S. Patent No. 5,797,424, which issued on January 6, 1998—11

10   years after U.S. Patent No. 3,657,789 expired. Suncast's revised patent marking on its hose reel

11   products after the expiration of patents evidences that Suncast has knowingly continued to mark

12   its products with patents that are expired in order to try to obtain an unfair commercial advantage

13   over its competitors.

14       22.    Suncast's intent to deceive is also evidenced by the fact that it continues to mark

15   its products with patents that have expired a very long time ago. In this regard, Suncast marks its

16   products with patents that have expired over 20 years ago (U.S. Patent No. 3,657,789) and over

17   seven years ago (U.S. Patent No. D303,446). A sophisticated company such as Suncast almost

18   certainly periodically reviews its list of patents for its hose reel products and periodically alters

19   the list, such that it would have become aware of the expiration of such patents and their false

20   marking over such a long period of time.

21                        **FIRST CLAIM FOR RELIEF**
22                **FALSE MARKING PURSUANT TO 35 U.S.C. § 292**

23       23.    Paragraphs 1-22, above, are realleged and incorporated by reference as if set forth

24   in full.

25       24.    Suncast makes and sells hose reel products that are falsely marked with expired

26   patent numbers. Suncast makes and sells the TSA100 Hosehandler hose reel. On its packaging

27   for the TSA100 Hosehandler, Suncast states that the TSA100 Hosehandler hose reel is protected

28   by U.S. Patent Nos. 3,657,789; 5,425,391; 5,704,384; and 5,797,424. Of these patents, U.S.

owens tarabichi llp
Counselors At Law

5                    CLIP VENTURES' COMPLAINT

1  Patent No. 3,657,789 is expired. Suncast also makes and sells a 225 ft. Hosemobile hose reel

2  cart. On its packaging for the Hosemobile, Suncast states that the Hosemobile hose reel cart is

3  protected by U.S. Patent Nos. 4,777,976; 4,913,560; Des. 303,446; Des. 327,637; Des. 363,207;

4  and Des. 376,096. Of these patents, all of them have expired except for Des. 376,096.

5       25.     Suncast sells its falsely marked hose reel products to this day in California and, on

6  information and belief, throughout the United States.

7       26.     On information and belief, Suncast knew that the expired patents listed on its

8  TSA100 Hosehandler hose reel, 225 ft. Hosemobile hose reel cart, and other hose reel products

9  were expired and knowingly falsely marked its hose reel products with an intent to deceive the

10 public and an intent to induce the public to believe that each hose reel product was covered by the

11 expired patents listed on each hose reel product. The bases of Clip Ventures' allegations made in

12 this paragraph on information and belief are set forth in Paragraphs 17-22 above.

13      27.     Pursuant to 35 U.S.C. §292, Suncast should be penalized $500 per falsely marked

14 article.

15                                   **PRAYER FOR RELIEF**

16      WHEREFORE, Clip Ventures prays for judgment against Suncast and relief as follows:

17      (i)     that the Court declare, adjudge, and decree that Suncast violated 35 U.S.C. § 292

18 by falsely marking its unpatented articles with expired patent numbers;

19      (ii)    that, pursuant to 35 U.S.C. § 292(b), the Court fine Suncast in the amount of $500

20 for each falsely marked article, with half of the fine payable to Clip Ventures and the other half

21 payable to the United States;

22      (iii)   that, pursuant to 35 U.S.C. § 285, Clip Ventures recover its reasonable attorneys'

23 fees;

24      (iv)    that Clip Ventures recover the costs of this action, including attorneys' fees and

25 interest; and

26      (v)     such other and further relief that this Court may deem just and equitable.

27 //

28 //

owens tarabichi llp
Counselors At Law

6                          CLIP VENTURES' COMPLAINT

1     Dated: October 26, 2010                     Respectfully submitted,

2                                       OWENS TARABICHI LLP

3

4                                     By

5                                       David R. Owens
                                        Bruno W. Tarabichi

6                                     Attorneys for Plaintiff
                                        Clip Ventures LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

owens tarabichi llp
Counselors At Law

                                 7                     CLIP VENTURES' COMPLAINT

1

## RULE 7.1(a) STATEMENT

2          Pursuant to Federal Rule of Civil Procedure 7.1(a), the undersigned counsel for Clip

3   Ventures LLC hereby states that there is no parent corporation or publicly held corporation

4   owning 10% or more of its stock.

5

6   Dated: October 26, 2010                    Respectfully submitted,

7                                              OWENS TARABICHI LLP

8

9                                              By _____
                                                  David R. Owens
10                                                Bruno W. Tarabichi
                                                  Attorneys for Plaintiff
11                                                Clip Ventures LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

owens tarabichi llp
Counselors At Law

8                          CLIP VENTURES' COMPLAINT